```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JEREMY DICKERSON, individually      :
and on behalf of all others         :
similarly situated,                 :
                                    :
                Plaintiff,          :     04 Civ. 7935 (LAP)
                                    :
           v.                       :           OPINION
                                    :
SHEILA FELDMAN, HELEN L. NELLING,   :
SUSAN E. BEVINGTON, NANCY STEMME,   :
CHRISTOPHER N. AST, EMPLOYEE        :
BENEFITS PLAN COMMITTEE, PENSION    :
AND SAVINGS FUND COMMITTEE, JOHN    :
HUNTER, ROBERT CLAUSEN, ROBERT      :
POTTER, MICHAEL E. MILLER, PAUL     :
H. HATFIELD, J. PATRICK MULCAHY,    :
SALLY G. NARODNICK, PAUL DONOVAN,   :
ROBERT H. JENKINS, FRANK A. METZ,   :
JR., WILLIAM D. RUCKELSHAUS, JOHN   :
B. SLAUGHTER, PHILIP R. LOCHNER,    :
JR., ROBERT T. BLAKELY, NORTHERN    :
TRUST COMPANY, and JOHN DOES 1-100  :
INSURANCE COMPANY,                  :
                                    :
                Defendant.          :
------------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

Plaintiff Jeremy Dickerson brings this putative class action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1109(a), seeking recovery on behalf of the Solutia Savings and Investment Plan ("Plan") for losses sustained by the Plan as a result of investment in the common stock of Solutia Inc. ("Solutia" or the "Company") during the period from September 1, 1997 to December 15, 2003 (the "Class Period"). Plaintiff alleges that various officers, directors, employees,

and committees of Solutia (the "Solutia Defendants") and the Northern Trust Company ("Northern Trust") violated their fiduciary duties under ERISA by continuing to invest Plan assets in Solutia stock up until two days before the Company's bankruptcy in December 2003, even after they were aware of Solutia's "precarious financial condition." Compl. ¶ 2. He alleges that Solutia stock was "an imprudent investment since it was both artificially inflated in price and too speculative to serve as a retirement investment." Compl. ¶ 2. Defendants move to dismiss on grounds that Plaintiff lacks standing to sue and that the complaint fails to state a claim on which relief may be granted. Because Plaintiff lacks standing to sue under ERISA, Defendants' motions to dismiss are granted.

I. Background

On September 1, 1997, the Monsanto Company spun off its chemicals businesses into an independent company called Solutia Inc. Compl. ¶ 100.[1] Plaintiff alleges that Monsanto created Solutia so that it could unburden itself of substantial, undisclosed environmental liabilities associated with various sites that manufactured toxic substances such as PCBs, DDT, and Agent Orange. Compl. ¶¶ 104-05, 158-60. Plaintiff further

---

[1] Reference is to the Second Amended Class Action Complaint dated May 20, 2005.

2

alleges that the Solutia Defendants knew that Solutia did not have sufficient capital to cover its liabilities, yet caused the plan to continue to invest in Solutia stock, even as Solutia spiraled toward bankruptcy. Compl. ¶¶ 57-65, 214-36. Plaintiff alleges that Northern Trust continued to follow instructions, without inquiry, to invest in Solutia stock, as per employee contribution choices, despite publicly available information that called into question Solutia's viability as a going concern. Compl. ¶¶ 242, 268-74.

The Solutia Plan[2] was also established on September 1, 1997, Compl. ¶ 50, to encourage retirement savings for employees and to provide them with an opportunity to acquire ownership interests in the Company. Plan § 1.2. The Plan offered between eight and fourteen investment options during the class period, including the option of investing in the Solutia Stock Fund, which "invests primarily in Solutia common stock and may hold relatively small amounts of cash," to provide liquidity for distributions and for expenses. Compl. ¶ 53, 57; see Plan § 9.2; 2002 Summary Plan Description ("SPD") at 16; Defined Contribution and Employee Stock Ownership Trust Agreement § 5.1 (attached as Ex. F to Stemme Decl.). Solutia matched 60% of each employee's

---

[2] The 2002 Plan is attached as Exhibit B to the Declaration of Nancy Stemme, sworn to on June 29, 2005 ("Stemme Decl."). Although the Plan was amended during the Class Period, the amendments do not affect issues raised in these motions. (Stemme Decl. ¶¶ 2-3).

3

contributions to the Plan, up to a maximum of 8% of eligible pay. Compl. ¶ 51, 61. "Contributions made by the Company pursuant to [its] matching obligations were invested in the Solutia Stock Fund/Company Match Account." Compl. ¶ 60. "Contributions made by Plan participants were held in the Solutia Stock Fund/Employee Stock Account." Compl. ¶ 59. Employees became 100% vested after three years or upon reaching age 65, becoming disabled, or dying. Compl. ¶ 67-69.

Plaintiff was employed by Solutia as a chemical operator from July of 1998 to October of 2003. Compl. ¶ 13. As a participant in the Plan during his employment, Plaintiff held shares of Solutia stock between 1998 and 2003. Compl. ¶ 13. Although the Complaint alleges that Plaintiff "is" a participant in the Plan, Compl. ¶ 13, Plan account statements for Plaintiff show that he took a full and final distribution of his Plan benefits on July 12, 2004, prior to commencing this action. Stemme Decl. Ex. G. Plaintiff does not dispute this, but argues that he has a colorable claim to vested benefits if this action is successful and a reasonable expectation of returning to covered employment by virtue of a sexual harassment lawsuit he instituted against the Company in the Southern District of Texas. Although Plaintiff alleges that he seeks "back pay, front pay, and a return to covered employment" in the Texas lawsuit, Compl. ¶ 13, a review of the Complaint in Dickerson v. Solutia, Inc.,

4

No. G-04-377 (S.D. Tex. filed June 18, 2004) (attached to the Solutia Defendants Mem. of Law as Ex. 1),[3] reveals that there is no prayer for a return to covered employment at the now-bankrupt Solutia.

Plaintiff filed his original complaint in this action on October 7, 2004, almost three months after he cashed out of the Plan.

## II. Discussion

A. Standard of Review

On these motions to dismiss on the pleadings, the Court accepts the factual allegations in Plaintiff's Second Amended Class Action Complaint and draws all inferences in favor of Plaintiff. See Karedes v. Ackerly Group, 423 F.3d 107, 113 (2d Cir. 2005). It is well-settled that a case may not be dismissed "unless the court is satisfied that the complaint cannot state any set of facts that would entitle the plaintiff to relief." Miller v. Wolpoff & Abramson, 321 F.3d 292, 300 (2d Cir. 2002)(citing Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The Court, however, need not give

---

[3] Reference is to the Memorandum of Law in Support of the Solutia Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint. The Court may consider a complaint filed in another case on a Rule 12(b)(1) motion where the plaintiff expressly relies on that complaint to support his claim of jurisdiction. See Greenblatt v. Gluck, No. O3 Civ. 597 (RWS), 2003 U.S. Dist. LEXIS 3846, at *2 n.1 (S.D.N.Y. Mar. 19, 2003).

5

"credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings. Cantor Fitzgerald v. Lutnik, 313 F.3d 704, 709 (2d Cir. 2002) (citing Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001)); Van Carpals v. S.S. American Harvester, 297 F.2d 9, 11 n.1 (1961) (Friendly, J.) ("[I]n federal pleading there is no need to plead legal conclusions; these are for the court to apply.").

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider materials of which the plaintiff had notice and relied upon in framing his complaint, as well as materials of which judicial notice may be taken. See Kavowras v. New York Times, 328 F.3d 50, 57 (2nd Cir. 2003); Cortec Indus. v. Sum Holding, 949 F.2d 42, 48 (2d Cir. 1991). Where subject matter jurisdiction is challenged, the Court is "free to consider materials extrinsic to the complaint" in deciding the motion to dismiss. Moser v. Pollin, 294 F.3d 335, 339 (2d Cir. 2002).

B.  Standing

1.  Article III

The party that invokes federal jurisdiction bears the burden of showing that it can satisfy the elements of Article III standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Those elements are (1) an injury in fact, (2) that is causally connected to the defendant, and (3) that is redressable

by the court. Id. at 560-61. The elements are conjunctive, so that a failure of any of the three elements deprives a plaintiff of standing to maintain an action in federal court. "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, 433 F.3d 181, 198 (2d Cir. 2005). Even where statutory standing under ERISA is satisfied, the elements of Article III standing must still be met. Id. at 199.

Article III standing requirements apply equally to class action lawsuits. Id. The Court of Appeals has acknowledged the Supreme Court's holding "that 'if none of the named plaintiffs purporting to represent a class establishes the requisite case or controversy . . . , none may seek relief on behalf of himself or any other member of the class.'" Id. (quoting O'Shea v. Littleton, 414 U.S. 488 (1974)). In other words, if the named plaintiffs are without standing, the entire class action fails.

Where a plaintiff's stake in the controversy disappears before there has been an effort to certify the class action, the action must be dismissed as moot even if it is "capable of repetition but evading review." Bd. of Sch. Comm'rs v. Jacobs, 420 U.S. 128, 129-30 (1975). On the other hand, where a named plaintiff has moved for class certification prior to losing his stake in the controversy, the action remains alive for purposes

7

of challenging the denial of class certification. See United States Parole Comm'n v. Geraghty, 445 U.S. 388, 404 (1980); Sosna v. Iowa, 419 U.S. 393, 399 & n.8 (1975).

   2.   ERISA

ERISA creates a right of action only for participants, beneficiaries, and fiduciaries of benefits plans. 29 U.S.C. § 1132(a)(3); Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 139-40 (1985); Nechis v. Oxford Health Plans, 421 F.3d 96 (2d Cir. 2005). If a plaintiff does not fit within these categories, he lacks standing to sue under ERISA. See Connecticut v. Physicians Health Serv., 287 F.3d 110, 112 (2d Cir. 2002). "Participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. § 1002(7). The Supreme Court has held that "the term participant is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment, or former employees who have . . . a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 117 (1989) (citations and internal quotations marks omitted). "A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested

benefits, however, simply, does not fit within the phrase 'may become eligible.'" Id.

Firestone adopted in part the definition of "participant" set out in Kuntz v. Reese, 785 F.2d 1410, 1411 (9th Cir. 1986), which denied standing to "former employees whose vested benefits under the plan [had] already been distributed in a lump sum." Kuntz reasoned that to allow such former plan participants to bring suit would, in effect, create suits for money damages not authorized by ERISA. Id. For breaches of fiduciary duties, relief under ERISA is limited to recovery "that inures to the benefit of the plan as a whole," not to the benefit of individual participants. Russell, 473 U.S. at 140; Lee v. Burkhardt, 991 F.2d 1004, 1009 (2d Cir. 1993). Thus, numerous courts have held that a plaintiff lacks standing to sue under ERISA where he has taken a final distribution of vested benefits under a defined contribution plan. See, e.g., Crawford v. Lamantia, 34 F.3d 28, 32-33 (1st Cir. 1994); Lalonde v. Textron, No. 02 Civ. 334, 2006 U.S. Dist. LEXIS 8483 (D.R.I. Mar. 1, 2006); Hargrave v. TXU Corp., 392 F. Supp. 2d 785 (N.D. Tex. 2005); Carpenter v. Carroll Pinto, 374 F. Supp. 2d 487, 493-94 (E.D. Va. 2005); Clair v. Harris Trust & Sav. Bank, No. 96 Civ. 7311, 1998 U.S. Dist. LEXIS 7123, at *9 (N.D. Ill. Apr. 27, 1998), aff'd, 190 F.3d 495 (7th Cir. 1999); Flynn v. Ballinger, No. 94 Civ. 0190, 1994 U.S. Dist. LEXIS 19689, at *5-6 (N.D. Cal. May 9, 1994); Gilquist v.

Becklin, 675 F. Supp. 1168, 1171 (D. Minn. 1987), aff'd mem., 871 F.2d 1093 (8th Cir. 1988).

### 3. Application

Under the principles of standing doctrine described above, Plaintiff is without standing and this action must be dismissed. Assuming arguendo that Plaintiff's allegations are sufficient to meet the first two elements of Article III standing, i.e., an injury in fact causally connected to alleged conduct by the defendants, Lujan, 504 U.S. at 560-61, Plaintiff has not satisfied the redressability element of Article III standing. Id. Plaintiff here was a Plan participant up until the time, prior to the commencement of this lawsuit, when he took a final distribution of his vested benefits. As a former participant, Plaintiff is unable to demonstrate that he has an injury that is redressable by this Court because he fails to show either "a reasonable expectation of returning to covered employment or . . . a colorable claim to vested benefits." Firestone, 489 U.S. at 117.

#### a. Plaintiff has no Reasonable Expectation of Returning to Covered Employment

Plaintiff alleges the legal conclusion that his pending sexual harassment lawsuit in Texas gives him a reasonable expectation of returning to covered employment. Compl. ¶ 13. As

10

noted above in II(A), the Court need not credit that legal conclusion but may consider the Texas complaint on which Plaintiff relies.  A review of that complaint reveals that Plaintiff has not specifically sought reinstatement in the Texas case.  Plaintiff cannot establish a reasonable expectation of returning to covered employment by pointing to a lawsuit in which he does not seek reinstatement.  See, e.g., Alexander v. Anheuser-Busch, 990 F.2d 536, 539 (10th Cir. 1993) (citing Mitchell v. Mobil Oil Corp., 896 F.2d 463, 474 (10th Cir. 1990) (denying standing where Plaintiff did not seek reinstatement).

To meet the redressability element of Article III standing, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 561.  Where, as here, Plaintiff has made no specific request to be reinstated to covered employment and the Texas case has been "administratively closed pending Solutia's bankruptcy," Compl. ¶ 13, Plaintiff's return to employment at Solutia is speculative rather than likely.  Article III standing cannot be grounded on such speculation.  To hold that Plaintiff has standing to sue despite his status as a non-participant without a reasonable expectation of returning to covered employment would be to permit an action for individualized damages rather than an action to recover on behalf of the Plan.  Such an action would be

contrary to the express language of the statute. See <u>Kuntz</u>, 785 F.2d at 1411.

      b.   <u>Plaintiff has no Colorable Claim to Vested Benefits</u>

Plaintiff alleges the legal conclusion that he has a "colorable claim to vested benefits," Compl. ¶ 13, and argues that he has such a claim because an award in this action "would be paid to the Plan and then distributed to the plaintiff class as benefits through their Plan accounts." Pl. Mem. of Law at 11.[4] Again, the Court need not credit the legal conclusion, and the argument overlooks the fact that Plaintiff no longer has a Plan account because he took his final distribution of benefits under the Plan. As noted above in II(B)(3)(b), ERISA authorizes suits for fiduciary breaches to recover on behalf of the plan as a whole, <u>see</u> 29 U.S.C. § 1109(a), but not to recover individualized damages payable to former plan participants. If this action were to go forward, the Court would be powerless to craft a remedy in which Jeremy Dickerson, a non-participant in the Plan, would have any stake. Stated colloquially (and mixing metaphors), while Plaintiff may have an axe to grind, he no longer has a dog in this fight.

---

[4] Reference is to Plaintiff's Memorandum of Law in Opposition to the Solutia Defendants' Motion to Dismiss dated August 11, 2005.

12

Plaintiff argues that he, like the plaintiff in Mullins v. Pfizer, 23 F.3d 663, 668 (2d Cir. 1994), is within the "zone of interests ERISA was intended to protect." Plaintiff's reliance on Mullins is misplaced, however, as that case is distinguishable from this action in crucial respects. James Mullins worked at Pfizer for 34 years before retiring at age 57. Id. at 665. Shortly after he retired, Pfizer offered a new Voluntary Severance Option ("VSO"), which offered "benefits in addition to pre-existing Pfizer retirement benefits." Id. Mullins alleged that Pfizer "knew and deliberately concealed from [him its] decision, despite its recent public denials, to offer its employees [the VSO]." Id. at 666. Thus, Mullins proceeded on the theory that "but for the fact that Pfizer misled him, he would have been a 'participant' in the VSO." Id. at 667. The district court dismissed based on, inter alia, lack of standing because Mullins was no longer a participant in the Pfizer plan. Id. at 667 & n.1.

The Court of Appeals reviewed the circuit split on the standing issue and held that where an employer misleads an employee about the availability of an enhanced plan, the purpose of ERISA would be frustrated if the employer were permitted "'through its own malfeasance to defeat the employee's standing.'" Id. at 668 (quoting Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1221 (5th Cir. 1992), cert. denied, 506 U.S. 820

13

(1992)). Noting the factual similarity between Mullins' allegations and Vartanian v. Monsanto Co., 14 F.3d 697 (1st Cir. 1994), the Court of Appeals agreed that the basic standing issue is whether plaintiff is "within the zone of interests ERISA was intended to protect," Mullins, 23 F.3d at 668 (quoting Vartanian, 14 F.3d at 701), and remanded the action to the district court to afford plaintiff the opportunity to prove that "but for" defendant's misrepresentations, he would be a participant in the Plan.

Here, Jeremy Dickerson does not allege that he was misled into taking a full payout of his vested benefits or influenced in any way by the actions of Solutia to do so. Indeed, unlike the situation in Mullins, all of the facts which Plaintiff alleges were publicly disclosed prior to Dickerson's cashing out of the plan. Thus, the holding of Mullins is irrelevant to Plaintiff's case. Prior to commencement of this lawsuit, Plaintiff took himself outside the zone of interests protected by ERISA by cashing out of the Plan and thus becoming a non-participant.

### c. Standing of the Unnamed Class Members

As noted above, no class has been certified in this action. The class members have no independent legal stake in the controversy that would allow their claims to survive despite the named Plaintiff's lack of standing. See Sosna, 419 U.S. at 399 &

n.8. Accordingly, the dismissal of Jeremy Dickerson's cause of action results in dismissal of the entire class action, including claims asserted on behalf of the unnamed class members.

### Conclusion

Because Plaintiff lacks standing, both the Solutia Defendants' and Northern Trust's motions to dismiss (docket nos. 33 and 36) are granted. The Court does not reach Defendants' other arguments.

The Clerk of the Court is directed to mark this action closed and all pending motions denied as moot.

SO ORDERED

March 30, 2006

*Loretta A. Preska*

Loretta A. Preska, U.S.D.J.